UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HARCROW, JANELLE HARCROW, a Minor, by and through her Guardian Ad Litem, Robert Harcrow,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>SONY CORPORATION OF AMERICA, a New York Corporation, SONY ELECTRONICS, INC., a Delaware corporation, AIWA STRATEGIC ACCOUNTS PARTNERSHIP, INC., a Delaware corporation, CIRCUIT CITY STORES, INC., a Virginia corporation, and DOES 1 through 100, inclusive,<br><br>　　　　　　Defendants. | 1:06-cv-0980 OWW SMS<br><br>ORDER AFTER SCHEDULING CONFERENCE<br><br>Further Scheduling Conference: 2/9/07 8:45 Ctrm. 3 |

I.　Date of Scheduling Conference.

　　January 4, 2007.

II.　Appearances Of Counsel.

　　Kapetan Brothers by Peter N. Kapetan, Esq., appeared on behalf of Plaintiffs.

　　Lewis, Brisbois, Bisgaard & Smith LLP by Jason Chermela, Esq., appeared on behalf of Defendant AIWA America, Inc. and

1

Defendant Circuit City Stores, Inc.

III.  Summary of Pleadings.

    1.  On June 8, 2006, Plaintiff filed the present case in the Superior Court of the State of California, County of Fresno, naming as Defendants Sony Corporation of America, Sony Electronics, Inc., AIWA Strategic Accounts Partnership, Inc., Circuit City Stores, Inc., and Does 1 through 100.  Plaintiffs' counsel discovered that Defendants Sony Corporation of America, Sony Electronics, Inc., and AIWA Strategic Accounts Partnership, Inc., were erroneously sued and that the correct Defendant was AIWA America, Inc.  The parties subsequently entered into a stipulation which was filed with this Court on or about October 11, 2006, that AIWA America, Inc., was the property party. Defendants removed the civil action to federal court pursuant to 28 U.S.C. § 1441(b) (diversity jurisdiction) and filed their answers to the complaint.  Plaintiffs' complaint alleges causes of action based on the following: strict products liability; strict liability design defects-consumer expectation tests; negligence, negligent infliction of emotional distress; and breach of warranty.

    2.  Plaintiff Robert Harcrow is the father of Plaintiff Janelle Harcrow.  On December 23, 1998, Plaintiffs purchased an AIWA mini-component stereo from the Circuit City Store in Fresno, California.  Plaintiffs contend that they did not alter the stereo system in any way and used it in a safe and prudent manner.  On January 18, 2005, Plaintiff Janelle Harcrow was playing the AIWA mini-component stereo at the Plaintiffs' home in Fresno.  Plaintiff Janelle Harcrow had left her bedroom for

approximately 30 minutes when she heard a loud popping sound and smelled smoke.  When she re-entered the bedroom she saw that the stereo system was on fire.  Plaintiff Robert Harcrow ran into the bedroom and subsequently retrieved a shovel to lift the burning stereo.  Plaintiff Robert Harcrow was able to lift the burning stereo with a shovel and throw it out the window so the fire would not spread inside the house.  Plaintiffs allege that as a result of the incident, Plaintiff Robert Harcrow suffered smoke inhalation.  Additionally, a portion of the stereo's plastic casing melted and fell onto the outside portion of Plaintiff Robert Harcrow's left foot, burning him severely.  Plaintiffs' allege damages including, but not limited to, physical, mental and emotional distress damages, property damages, and loss of earning and earning capacity.

IV.  Orders Re Amendments To Pleadings.

   1.   As set forth in the Stipulation entered between the parties, Plaintiffs will dismiss without prejudice the following defendants: Sony Corporation of America, Sony Electronics, Inc., and AIWA Strategic Accounts Partnership, Inc.  Plaintiff will add as a Defendant AIWA America, Inc.  Additionally, Plaintiffs have discovered that Defendant Circuit City Stores, Inc. is an incorrect Defendant and that the proper Defendant is Circuit City Stores West Coast, Inc.  Plaintiffs intend to seek leave to amend the complaint if this information is correct.  It should be noted that Circuit City Stores West Coast, Inc., is a California corporation and thus, there would not be complete diversity for jurisdictional purposes.  Thereafter, Plaintiffs will seek to have the case remanded to state court pursuant to 28 U.S.C.

§ 1447.

2.   In the event the parties do not stipulate to amending the complaint to designate the correct parties, Plaintiff shall file a motion to amend the complaint within twenty (20) days, on or before January 25, 2007.

V.   Further Scheduling Conference.

1.   Because there is a possibility that federal jurisdiction may be destroyed by the addition of a proper party Defendant, the parties believe it is in their best interests and the interests of justice to conserve the resources of the parties to continue this scheduling conference to February 9, 2007, at 8:45 a.m. to determine whether this case will proceed in this Court.

IT IS SO ORDERED.

Dated:   January 9, 2007                    /s/ Oliver W. Wanger
emm0d6                                 UNITED STATES DISTRICT JUDGE