1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8
9
10
11
12
13
14
15
16
17

ROBERT HARCROW, et al.,

                    Plaintiffs,

        v.

SONY CORPORATION OF AMERICA,
et al.,

                    Defendants.

) 1:06-cv-00980-OWW-SMS
)
) ORDER GRANTING PLAINTIFF'S MOTION
) FOR LEAVE TO FILE AN AMENDED
) COMPLAINT AND DIRECTING PLAINTIFF
) TO FILE THE FIRST AMENDED
) COMPLAINT NO LATER THAN TEN DAYS
) AFTER THE DATE OF SERVICE OF THIS
) ORDER (DOC. 18)
)
) FINDINGS AND RECOMMENDATION TO
) REMAND ACTION TO STATE COURT

18      Plaintiffs are proceeding with a civil action in this Court.

19  The matter has been referred to the Magistrate Judge pursuant to

20  28 U.S.C. § 636(b) and Local Rules 72-302(c)(1) and 72-303.

21      I. Ruling on Motion for Leave to Amend

22      On January 18, 2007, Plaintiffs filed a motion for leave to

23  file an amended complaint. On January 31, 2007, all defendants

24  who have been served and who remain in the action filed a notice

25  of non-opposition. By separate order the Court has vacated the

26  hearing on the motion and has deemed the motion submitted on the

27  papers filed in connection with the motion.

28      Plaintiffs seek to file an amended complaint in this action,

which is one for damages for injuries sustained by the Plaintiffs
when a stereo system purchased from a Circuit City store in 1998
caught fire while being operated on January 18, 2005. The action
was removed from the state superior court in July 2006.

Plaintiffs seek to amend the complaint in order to name
Circuit City Stores West Coast, Inc., as a defendant. Plaintiffs
believe that this entity may be the correct defendant in place of
present Defendant Circuit city Stores, Inc., and they will
dismiss other defendants accordingly after additional discovery.

Plaintiffs state in the moving papers that the entity sought
to be joined would destroy diversity of citizenship because it is
alleged to be a corporation organized and existing under the law
of the state of California and qualified to do business in the
state of California. (Prop. Amended Complt. p. 2.)

Fed. R. Civ. P. 15(a) provides in pertinent part:

> A party may amend the party's pleading once as a
> matter of course at any time before a responsive
> pleading is served or, if the pleading is one to which
> no responsive pleading is permitted and the action has
> not been placed upon the trial calendar, the party
> may so amend it at any time within 20 days after it
> is served. Otherwise a party may amend the party's
> pleading only by leave of court or by written consent
> of the adverse party; and leave shall be freely given
> when justice so requires. . . .

Although the rule is to be construed liberally, leave to amend is
not automatically granted. Jackson v. Bank of Hawaii, 902 F.2d
1385, 1387 (9th Cir.1990). In determining whether the Court
should exercise its discretion to allow amendments, the following
factors should be considered: (1) whether the movant unduly
delayed seeking leave to amend, or acted in bad faith or with
dilatory motive; (2) whether the party opposing amendment would

be unduly prejudiced by the amendment; 3) whether there have been repeated failures to cure, and (4) whether amendment would be futile. <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962).

Further, 28 U.S.C. § 1367(b) provides:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

Title 28 U.S.C. § 1447(e) states:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

Authority in this circuit is to the effect that when a party seeks to amend a complaint in a removed action to join a party whose citizenship destroys complete diversity for the purpose of diversity jurisdiction pursuant to § 1332, then the Court has discretion to refuse the amendment, or to permit the amendment and have the action remanded to state court; further, in exercising its discretion, a court should consider various factors, including whether the person sought to be joined is a person whose presence is needed for a just adjudication and would be ordered under Fed. R. Civ. P. Rule 19(a); whether if joinder is denied, the action against the new defendant in state court would be barred by the statute of limitations; whether there has been unexplained delay in seeking joinder; the apparent strength

3

of the claim; any prejudice to the plaintiff; and whether it
appears that the plaintiff is seeking to join a party solely to
destroy diversity of citizenship. <u>Lopez v. General Motors Corp.</u>,
697 F.2d 1328, 1332 (9th Cir. 1983); <u>Carnegie-Mellon University v.
Cohill</u>, 484 U.S. 343, 351-52 (1988); <u>Newcombe v. Adolf Coors Co.</u>,
157 F.3d 686, 691 (9th Cir. 1998); <u>Desert Empire Bank v. Insurance
Co. of North America</u>, 623 F.2d 1371, 1376-77 (9th Cir. 1980).

Plaintiffs represent in the moving papers that Plaintiffs
have informed Defendants that Plaintiffs would seek to have the
case remanded to state court pursuant to 28 U.S.C. § 1447 if the
Court grants Plaintiffs' present motion to amend their complaint;
further, the amendment of the complaint is in good faith and not
simply to negate diversity for jurisdictional purposes. (Decl. of
Peter N. Kapetan ¶ 4.)

Here, the amendment appears to be in good faith because it
proceeded from a recent discovery of information regarding the
potential identity of the defendant who sold the device alleged
to be defective and to have been negligently manufactured and
sold. There has been no undue delay, and it does not appear that
there is any prejudice to Defendants. The new defendant is simply
an alternative seller whose presence in the suit appears to be
helpful to a complete adjudication. A significant period of time
has passed since the date of injury. The Court finds that the
amendment was not for the purpose of destroying diversity
jurisdiction.

Accordingly, the Court exercises its discretion to grant the
motion for leave to amend. Plaintiffs' motion for leave to file
an amended complaint IS GRANTED, and Plaintiffs ARE DIRECTED TO

4

FILE the proposed first amended complaint no later than ten days after the date of service of this order.

II. <u>Findings and Recommendation to Remand Action to State Court</u>

Pursuant to the Court's grant of leave to amend, Plaintiffs are filing a first amended complaint in which there is not complete diversity for the purposes of 28 U.S.C. § 1332. In such an instance, the appropriate action is to order the case remanded to the state court. 28 U.S.C. § 1447(e).

Accordingly, it IS RECOMMENDED that the Court order this action remanded to the Superior Court of the State of California, County of Fresno.

This report and recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within ten (10) <u>court</u> days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within five (5) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

1   IT IS SO ORDERED.

2   **Dated:    February 22, 2007**                    **/s/ Sandra M. Snyder**
    icido3                                    UNITED STATES MAGISTRATE JUDGE

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28